IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHERMAN WILSON, *Plaintiff*, | § § § | |
| v. | § § | CIVIL ACTION NO. H-06-4129 |
| OFFICER PATMON, *et al.*, *Defendants*. | § § § | |

## MEMORANDUM OPINION AND ORDER

This *pro se* civil rights case brought by plaintiff against Kenneth Patmon and Darnell Chatman was reinstated on June 13, 2007. Plaintiff's claims against Patmon were dismissed by interlocutory summary judgment on September 24, 2008. Defendant Chatman was not properly served, as he was no longer employed by the City of Rosenberg Police Department at the time service of process was issued in this case. (Docket Entry No. 38, Affidavit of Chief of Police Robert Gracia.) Plaintiff proceeds *pro se*, but is not an inmate or otherwise in custody.

Under Federal Rule of Civil Procedure 4(m),

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In accordance with this rule, the Court ordered plaintiff to provide the Court with a current address for service of process on Darnell Chatman, no later than June 8, 2009. (Docket Entry No. 40.) Plaintiff was warned that his failure to comply would result in

dismissal of this action without prejudice for failure to prosecute and for failure to comply with Rule 4(m) of the Federal Rule of Civil Procedure. Plaintiff was further informed that, if he no longer wished to prosecute Darnell Chatman, he was to advise the Court by June 8, 2009, so that a final judgment could be entered. To-date, plaintiff has neither provided the Court with Darnell Chatman's current address for process nor informed the Court of his decision not to prosecute his claims against Darnell Chatman. In short, plaintiff has ignored the Court's order.

The Court construes plaintiff's failure to pursue this lawsuit or to comply with the Court's order as a failure to prosecute under Rule 41(b), Federal Rules of Civil Procedure. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** plaintiff's claims against Darnell Chatman for plaintiff's failure to provide the Court with Darnell Chatman's current address for process and for his failure to comply with the Court's order. As this order dismisses all remaining claims and parties, a final judgment will be entered.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on this the 22nd day of June, 2009.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

2